UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-07105-SSC                              Date: October 22, 2025

Title   Christopher Thibodeaux v. General Motors LLC, et al.

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Denying Motion to Remand (ECF 15)**

    Before the Court is Plaintiff's motion to remand this action which brings claims under the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act. (ECF 15.) To resolve the motion, the Court must decide whether Defendant timely removed this action to federal court. The Court finds that the amount in controversy was indeterminate in the complaint and thus Defendant's removal was timely.

**I**

    Plaintiff Christopher Thibodeaux initially filed this action in Los Angeles County Superior Court on March 18, 2025. (ECF 1-1.) The complaint alleges violations of California's Song-Beverly Consumer Warranty Act and the federal Magnuson-Moss Warranty Act on the ground that the 2022 Chevrolet Corvette purchased by Plaintiff on or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07105-SSC              Date: October 22, 2025

Title    Christopher Thibodeaux v. General Motors LLC, et al.

around May 15, 2022, had serious defects that Defendant General Motors LLC and 10 Doe Defendants[1] failed to repair adequately.  (*Id.* at 11–16.)  As to the amount in controversy, the complaint does not provide the price paid or payable for the vehicle nor any amount associated with the vehicle whatever.  The complaint also fails to allege or pray for specific damages.  The complaint prays for "actual damages in an amount according to proof[,]" restitution, a "civil penalty in the amount of two times Plaintiff's actual damages[,]" and attorney's fees and costs, among other remedies.  (*Id.* at 16.)  As to diversity of citizenship, the complaint alleges that Plaintiff is a resident of Los Angeles, California, and that Defendant is incorporated in Delaware and "registered to conduct business in California."  (*Id.* at 11.)

     Nearly five months after filing, on August 1, 2025, Defendant removed this action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (ECF 1.)  Defendant alleges in its notice of removal that the parties are completely diverse, and that the amount in controversy exceeds $75,000.  (*Id.* at 3.)  In support, Defendant asserts that "Plaintiff's alleged actual damages are estimated at $135,347.59, (the purchase price of the subject vehicle less mileage deduction, rebate, and any negative equity)."  (*Id.* at 5.)  Defendant also explains that the potential civil penalty sought by Plaintiff could be two times their actual damages, and that "a reasonable estimate of Plaintiff's attorneys' fees accumulated up to this point in litigation is $5,000."  (*Id.* at 5–6.)  And, Defendant contends, "[c]onsidering the combination of actual damages, civil penalties, past, and conservatively

---

[1] In determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names is disregarded.  28 U.S.C. § 1441(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-07105-SSC                          Date: October 22, 2025

Title   Christopher Thibodeaux v. General Motors LLC, et al.

calculated future attorney's fees, the amount in controversy meaningfully exceeds $75,000." (*Id.* at 6.)

On August 22, 2025, Plaintiff filed this motion to remand. (ECF 15.) While Plaintiff argues that the notice of removal was untimely and that Defendant has failed to meet its burden to establish subject matter jurisdiction, Plaintiff does not challenge in substance Defendant's assertions concerning diversity jurisdiction. (*Id.*) Defendant opposed the motion[2] and Plaintiff timely replied. (ECF 18; ECF 19.) The Court held a hearing on October 7, 2025.

## II

In general, defendants may remove any case filed in state court over which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). An action may be removed based on diversity jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a).

The removing party has the burden to show that removal is proper. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v.*

---

[2] Plaintiff points out in his reply that Defendant filed its opposition one day late and argues that Defendant's failure to file a timely opposition is grounds for granting his motion to dismiss. (ECF 19 at 3.) The Court finds good cause for the delay and accepts Defendant's opposition and considers it in ruling on the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07105-SSC                              Date: October 22, 2025

Title      Christopher Thibodeaux v. General Motors LLC, et al.

*Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case "shall be remanded." 28 U.S.C. § 1447(c).

The timing for removal varies. If the case stated by the initial pleading is removable, a defendant must file the notice of removal within 30 days after receipt of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). This "first pathway" applies where "the basis for removal is clear from the complaint[.]" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). If "it is unclear from the complaint whether the case is removable," the pleading is "indeterminate." *Harris*, 425 F.3d at 693. "If no ground for removal is evident in that [initial] pleading, the case is not removable at that stage." *Id.* at 694 (cleaned up). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). When removability is not apparent from the face of the complaint or ascertainable from a subsequent paper, a defendant may remove a matter based on diversity jurisdiction outside of these two 30-day timelines, but within a year of commencement of the action. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013); 28 U.S.C. § 1446(c).

The "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. An initial pleading must affirmatively reveal the ground for removal to trigger the first 30-day clock. *Id.* at 695. The *Harris*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-07105-SSC        Date: October 22, 2025

Title      Christopher Thibodeaux v. General Motors LLC, et al.

court adopted this "bright-line approach" to "bring[] certainty and predictability to the process[,]" "avoid[] gamesmanship in pleading[,]" and avoid "collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant ha[s] subjective knowledge" of facts supporting removability.  *Id.* at 697.  For these same reasons, the Ninth Circuit in *Dietrich* again adopted a bright-line approach in analyzing the 30-day trigger under the second pathway.  *Dietrich*, 14 F.4th at 1094.  The court held that the "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Id.* at 1091.

The Ninth Circuit has also held that although "defendants need not make extrapolations or engage in guesswork[,]" the removal statute still "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).  That duty includes "[m]ultiplying figures clearly stated in a complaint[.]" *Id.*

"[T]he time limit is mandatory and a timely objection to a late petition will defeat removal[.]" *Smith v. Mylan, Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

### III

The parties do not dispute that complete diversity of citizenship exists or that the amount in controversy is satisfied. [3]  (ECF 1 at 3–6;

---

[3] While Plaintiff argues that Defendant fails to establish subject matter jurisdiction , Plaintiff also contends that there was no ambiguity as to Plaintiff's state of citizenship and that the complaint was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07105-SSC                    Date: October 22, 2025

Title      Christopher Thibodeaux v. General Motors LLC, et al.

ECF 15 at 5, 8–10.)  The question before the Court is whether satisfaction of the amount in controversy was affirmatively revealed on the face of the complaint such that the 30-day clock began to run at the time Defendant was served.

**A**

To answer this question, the Court must first examine the damages that are available under the Magnuson-Moss Warranty Act and the Song-Beverly Consumer Warranty Act, the statutes underlying Plaintiff's five causes of action.

**1**

The Magnuson-Moss Act permits "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [15 U.S.C. §§ 2301 *et seq*.], or under a written

---

sufficient for Defendant to allege plausibly satisfaction of the amount in controversy and subject matter jurisdiction.  (ECF 15 at 8–11 ("the restitution amount coupled with the demand for civil penalties and attorneys' fees under the Act . . . make it clear that the instant action was removable[.]")  In his reply, Plaintiff takes issue with Defendant's estimation of Plaintiff's potential damages under the Song-Beverly Act, but nowhere does Plaintiff suggest that the amount in controversy is less than or equal to $75,000.  (ECF 19 at 6–8.)  To the extent Plaintiff argues that Defendant has not met its burden to show subject matter jurisdiction for removal, the Court disagrees.  Defendant's notice of removal, along with Plaintiff's complaint, establish that complete diversity of citizenship and satisfaction of the amount in controversy are, more likely than not, met.  (ECF 1 at 3–6; ECF 1-1 at 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07105-SSC                       Date: October 22, 2025

Title   Christopher Thibodeaux v. General Motors LLC, et al.

warranty, implied warranty, or service contract" to sue in federal district court provided that "the amount in controversy is [not] less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" 15 U.S.C. § 2310(d). Thus, federal jurisdiction for a Magnuson-Moss Act claim does not exist unless the amount in controversy exceeds $50,000. *Id.*; *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004).

Courts analyze this amount in controversy under the Magnuson-Moss Act using the same principles as diversity jurisdiction. *Id.* Although the Magnuson-Moss Act does not specify the appropriate measure and type of damages that are available, "courts, including the Ninth Circuit, have turned to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) (citing *Kelly*, 377 F.3d. at 1039). Here, the relevant state warranty law is the Song-Beverly Act. *See id.*

**2**

The Song-Beverly Act, in turn, provides for restitution "in an amount equal to the *actual price paid or payable by the buyer*, including any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under Section 1794, including, but not limited to, reasonable repair, towing, and rental car costs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-07105-SSC                    Date: October 22, 2025

Title    Christopher Thibodeaux v. General Motors LLC, et al.

actually incurred by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B) (emphasis added).

This amount "may be reduced . . . by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(C). The use offset is "determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." *Id.* Actual damages are offset by negative equity; noncash credits provided by the manufacturer; and the actual price of "optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff." Cal. Civ. Proc. Code § 871.27(b)–(d).

In addition to restitution, the Song-Beverly Act provides for a civil penalty of up to twice the amount of the actual damages. Cal. Civ. Code § 1794(c), (e).

**B**

Plaintiff argues that because Defendant has "sophisticated knowledge of the motor vehicle industry," Defendant "had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold." (ECF 15 at 8–9.) Thus, contends Plaintiff, Defendant could have approximated the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-07105-SSC                              Date: October 22, 2025

Title   Christopher Thibodeaux v. General Motors LLC, et al.

value of the vehicle based on the make, model, year, and vehicle identification number in the complaint.  (*Id.* at 9.)

But the Ninth Circuit made clear in *Kuxhausen* that it is not Defendant's burden to do so.  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013).  *Kuxhausen* involved a proposed class action suit against a California automobile dealership, alleging violations of California's Consumer Legal Remedies Act and Automobile Sales Finance Act.  *Id.* at 1138.  Invoking the diversity jurisdiction provision of the Class Action Fairness Act of 2005 (CAFA), the defendant removed the case to federal court.  *Id.* at 1138–39.  The district court granted a remand motion despite the defendant's claim that the amount in controversy was indeterminate and not stated in the initial complaint.  *Id.* at 1139.  "Presumably, [the district court] thought that sum was a plausible-enough guess for a case involving German luxury automobiles, perhaps doubly so since [the named plaintiff's] individual vehicle contract was more than twice that amount."  *Id.* at 1141.  The Ninth Circuit rejected this "plausible-enough" reasoning, instead re-emphasizing that "we 'don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove."  *Id.* (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)).  The Ninth Circuit explained that "[t]his principle helps avoid a 'Catch–22' for defendants desirous of a federal forum.  By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings."  *Id.*

Applying this reasoning, it was Plaintiff who failed to allege any specific dollar amount in the complaint.  With respect to the Song-Beverly Act causes of action, Plaintiff did not allege "the actual price paid or payable" for the vehicle.  Cal. Civ. Code § 1793.2(d)(2)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-07105-SSC                    Date: October 22, 2025

Title   Christopher Thibodeaux v. General Motors LLC, et al.

Although the amounts differ, the analysis of the amount in controversy under the Magnuson-Moss Act is the same as the analysis of the amount in controversy for diversity jurisdiction, which turns on the civil damages authorized by the Song-Beverly Act. *See Romo*, 397 F. Supp. 2d at 1239.

Thus, the complaint was indeterminate and did not trigger the first 30-day deadline for removal under § 1446(b)(1). Removal upon notice of actual damages was timely. *See Covarrubias v. Ford Motor Co.*, No. 2:25-cv-00328-JLS-MAA, 2025 WL 907544, at *3 (C.D. Cal. Mar. 24, 2025) ("a complaint is indeterminate as to the amount in controversy when that complaint alleges only the approximate value of a vehicle without also providing any information as to the amount actually paid for the vehicle by plaintiff—*i.e.*, the total cash price paid for a purchased, or monthly payments made on a leased, vehicle."); *Crescencio v. Ford Motor Co.*, Case No. CV 24-10946-MWF (BFMx), 2025 WL 1122096, at *4 (C.D. Cal. Apr. 9, 2025) (same); *Ayad v. Nissan N. Am., Inc.*, Case No. 2:25-cv-4152-RAO, 2025 WL 2490849, at *3 (C.D. Cal. Aug. 29, 2025) (same).

Defendant's removal was timely and the remand motion is DENIED. **IT IS SO ORDERED.**

Initials of Preparer      **ts**